**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONNIE E. CONNOLLY,**

    **Plaintiff,**

**vs.**                            **Case No. 4:07cv314-MP/WCS**

**STATE OF FLORIDA,
BILL McCOLLUM,
ATTORNEY GENERAL,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has been granted leave to proceed *in forma pauperis* in a separate order entered this day. Plaintiff initiated this civil action on July 13, 2007, by filing a document entitled, "motion for placement of suit (for) false inprisonment [sic] against the State of Florida/Dept. of Corrections." Doc. 1. This document has been construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff is primarily alleging false imprisonment by the Department of Corrections. Doc. 1. Plaintiff was sentenced on May 18, 1983, to 3 years in the Department's custody followed by 2 years probation. Plaintiff served his time, was

released on parole, and alleges he was eventually released from "all supervision." Plaintiff then claims he was later arrested and charged with violation of probation. He also contends he was told that the probation portion of his prior sentence was "illegal due to the fact you can not have parole and probation on a single sentence or same charge." Plaintiff was sentenced on June 5, 1986, for this second arrest to a term of 4 years and 6 months, and awarded 849 days credit for time served. *Id.*

Plaintiff contends "the second prison term was illegal and constitutes false imprisonment." Doc. 1. As relief, Plaintiff wants a public defender appointed to represent him in this case, the costs of this action, and monetary damages of two hundred thousand dollars, or "any relief the Court feels fit to do in this case." *Id.*

Plaintiff's claim concerns events which he alleges took place in 1986 when he was sentenced for the second time. This claim is over twenty years old and is barred by the statute of limitations.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of limitations and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) as Plaintiff's claims are barred by the statute of limitations, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 12, 2007.

  s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**